RANDY S. GROSSMAN
United States Attorney
ALLISON B. MURRAY
Special Assistant U.S. Attorney
California Bar No. 328814
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9711
Email: Allison.Murray@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> LEVIT GABRIEL RIVERA VELAZQUEZ (1), <br> IRVIN HERMINIO RAMOS ZIGA (2), <br> EDUARDO MARIN HERRERA (3), <br> LUIS ALFREDO GARCIA VERA (4), <br> JORGE LUIS ESPINAL-PARRALES (5), <br> AGUSTIN NOYOLA-RICARDEZ (6), <br> JORGE ARCENTALES CASTRO (7), <br><br> Defendants. | Case No.: 23-CR-0742-TWR <br><br> **JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

The parties hereby file a joint motion requesting that the Motion Hearing/Trial Setting presently set for June 2, 2023 at 1:30 p.m. before the Honorable Todd W. Robinson be continued to July 14, 2023, at 1:30 p.m. The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) and 18 U.S.C. § 3161(h)(8).

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. *Id.* § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the

absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

The ends of justice served by granting the requested continuance outweigh the best interests of the public and the Defendant in a speedy trial, for the following reasons: (1) voluminous discovery has been produced in this case that requires additional time to review; (2) there is pending discovery in this case that the United States will turn over and Defense Counsel will need time to review and discuss with their respective clients; and (3) the parties are actively working to resolve the case and Defense Counsel need additional time to review plea offers with their respective clients. The parties have exercised due diligence in this matter. Counsel for the Defendants represent that they have discussed the need for this continuance with the Defendants. The Defendants agree to and join in the request for this continuance. For the reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(3)(7). If continued, this Court should designate a new trial or hearing date and exclude only the period of time until that date. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (any pretrial continuance must be "specifically limited in time"). However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

Lastly, there are pending pretrial motions on file in this case that require a hearing before the Court. Accordingly, the Court should also continue the pending pretrial motions to the new hearing date and finds valid excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), from the date of the filing of the first pending pretrial motion (Doc. No. 35) to the date of the new Motion Hearing/Trial Setting date. *See United States v.*

*Tinklenberg*, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.).

The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) and 18 U.S.C. § 3161(h)(8). The parties agree the period of delay excluded spans from the filing of this joint motion, U.S.C. § 3161(h)(1)(D), until the new date for the motion hearing, that is until July 14, 2023.

DATED: May 23, 2023

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/*Ramuel R. Figueroa*
Attorney for Defendant Rivera Velazquez

/s/*Allison B. Murray*
Special Assistant U.S. Attorney

/s/*Maria Fernanda Ezquerro*
Attorney for Defendant Ramos Ziga

/s/*Ezekiel E. Cortez*
Attorney for Defendant Marin Herrera

/s/*Gerard J. Wasson*
Attorney for Defendant Garcia Vera

/s/*William R. Burgener*
Attorney for Defendant Espinal-Parrales

/s/*Robert Llewellyn Swain*
Attorney for Defendant Noyola-Ricardez

/s/*Charles L. Rees*
Attorney for Defendant Arcentles Castro